## ADDA v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5796.

United States Court of Appeals
Fourth Circuit.

Dec. 3, 1948.

458

Rollin Browne and Mitchell B. Carroll, both of New York City, for petitioner.

Irving I. Axelrad, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., and Ellis N. Slack and A. F. Prescott, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

.PER CURIAM.

■■ .This is a petition by a non-resident alien to review a decision of the Tax Court. Petitioner is a national of Egypt, who in the year 1941 was residing in France. He had a brother who at that time was residing in the United States and who traded for petitioner's benefit on commodity exchanges in the United States in cotton, wool, grains, silk, hides and copper. This trading was authorized by petitioner who vested full discretion in his brother with regard thereto, and it resulted in profits in the sum of $193,857.14. The Tax Court said: "While the number of transactions or the total amount of money involved in them has not been stated, it is apparent that many transactions were effected through different brokers, several accounts were maintained, and gains and losses in substantial amounts were realized. This evidence shows that the trading was extensive enough to amount to a trade or business, and the petitioner does not contend,

nor has he shown, that the transactions were so infrequent or inconsequential as not to amount to a trade or business." We agree with the Tax Court that, for reasons adequately set forth in its opinion, this income was subject to taxation, and that the exemption of a non-resident alien's commodity transactions in the United States, provided by section 211(b) of the Internal Revenue Code, 26 U.S.C.A. § 211(b), does not apply to a case where the alien has an agent in the United States using his own discretion in effecting the transactions for the alien's account. As said by the Tax Court, "Through such transactions the alien is engaging in trade or business within the United States, and the profits on these transactions are capital gains taxable to him." Nothing need be added to the reasoning of the Tax Court in this connection, and the decision will be affirmed on its opinion.

Affirmed.